UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AMERICAN FIRE AND CASUALTY COMPANY, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 1:20-cv-00250-JDL ) |
| WARREN PETTEGROW, et al., | ) ) ) |
| Defendants. | ) ) |

**ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

In a separate action filed in this court, Lobster 207, LLC, a lobster wholesaler, alleges that the defendants in this case (Warren Pettegrow, Anthony Pettegrow, Josette Pettegrow, and Trenton Bridge Lobster Pound, Inc. (together, "Defendants")) engaged in conduct designed to deprive Lobster 207 of product and profits to which it was entitled. Am. Compl. ¶¶ 10-19, *Lobster 207, LLC v. Pettegrow*, No. 1:19-cv-552 (D. Me. May 3, 2021), ECF No. 184. There are five insurance companies involved in the litigation, all of which issued commercial general liability policies to Trenton Bridge--American Fire and Casualty Company ("American Fire"), the Ohio Casualty Company ("Ohio Casualty), Ohio Security Insurance Company ("Ohio Security"), Citizens Insurance Company of America ("Citizens"), and Hanover Insurance Company ("Hanover").[1]

---

[1] The insurance companies are a mix of plaintiffs, intervenors, defendants, and counterclaim defendants in this case.

1

In this action, four insurance companies that issued commercial general liability policies to Trenton Bridge, American Fire, Ohio Casualty, Citizens, and Hanover, have moved for summary judgment, (ECF Nos. 34, 47), seeking a declaration that they do not have a duty to defend against the underlying suit. American Fire and Ohio Casualty also moved for summary judgment (ECF No. 34) on the defendants' counterclaims against them and to sever uncovered claims if a duty to defend is found.  The Defendants filed counterclaims (ECF No. 10) and cross-moved for summary judgment (ECF No. 57) seeking a declaratory judgment against American Fire and Hanover, as well as summary judgment on their counterclaim against American Fire alleging a violation of the Maine Unfair Claims Settlement Practices Act and for unreimbursed attorneys' fees incurred to defend the complaint. Defendant Warren Pettegrow moved for partial summary judgment (ECF No. 55) seeking a declaratory judgment that Ohio Security is obligated to provide him with a defense in the underlying action.  Insurers Ohio Casualty and Ohio Security moved to dismiss (ECF No. 48) the Pettegrows' breach of contract claim against them.

United States Magistrate Judge John C. Nivison filed his Recommended Decision on the motions on December 30, 2021 (ECF No. 77), pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2022) and Fed. R. Civ. P. 72(b).  The time within which to file objections has expired, and no objections have been filed.  The Magistrate Judge provided notice that a party's failure to object would waive the right to de novo review and appeal.

I have reviewed and considered the Recommended Decision, together with the entire record, and have made a de novo determination of all matters adjudicated by

the Magistrate Judge. I concur with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision and determine that no further proceedings are necessary.

It is therefore **ORDERED** that the Recommended Decision (ECF No. 77) of the Magistrate Judge is hereby **ACCEPTED**. Defendants' Cross Motion for Summary Judgment (ECF No. 57) is **GRANTED** regarding the duty to defend and on the individual Defendants' claim that they are entitled to court costs and reasonable attorney's fees incurred in the declaratory judgment action regarding the duty to defend under 24-A M.R.S.A. § 2436-B (West 2022) and **DENIED** regarding the other claims; Defendant Warren Pettegrow's Partial Motion for Summary Judgment regarding the duty to defend (ECF No. 55) is **GRANTED**; American Fire Insurance Company and Ohio Casualty Insurance Company's Motion for Summary Judgment and to sever claims (ECF No. 34) is **DENIED**; Citizens Insurance Company of America's and Hanover Insurance Company's Motion for Summary Judgment (ECF No. 47) is **DENIED**; and Ohio Casualty Insurance Company and Ohio Security Insurance Company's Motion to Dismiss the implied covenant of good faith and fair dealing claim (ECF No. 48) is **GRANTED**.

**SO ORDERED.**

Dated: February 14, 2022.

                                                                    /s/ JON D. LEVY
                                                **CHIEF U.S. DISTRICT JUDGE**